UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANDREW MADRID** | : | **DOCKET NO. 2:21-cv-349** |
| **VERSUS** | : | **CHIEF JUDGE HICKS** |
| **LINDSEY MICHELLE FONTENOT** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil complaint [doc. 1] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Andrew Madrid, who is proceeding pro se and in forma pauperis in this matter.

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DENIED,** and the matter be **DISMISSED WITH PREJUDICE.**

**I.
BACKGROUND**

Plaintiff brings the instant suit pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), naming as defendants Lindsey Michelle Fontenot and Scott Laken. Doc. 1, p. 2. The crux of Plaintiff's allegations stem from a child support award to Ms. Fontenot in the 33rd Judicial District Court in the matter of *State of Louisiana v. Andrew Madrid*, Case No. 2019-0018.

**II.
LAW & ANALYSIS**

*A. Frivolity Review*

Plaintiff is not a prisoner; however, he is proceeding in forma pauperis. Doc. 4. District courts have authority under Section 1915 to dismiss a complaint sua sponte where the complaint "

(1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." *Malone v. La. Dep't of Safety & Corr.*, 2017 U.S. Dist. LEXIS 151143 (W.D. La. Aug. 25, 2017) (citations omitted); *see Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A court may dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Id.*; *see Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in in forma pauperis complaints). Although courts construe pro se filings liberally in this context, dismissal is appropriate where the claims have no chance of success, *Id.; cf. Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where pro se plaintiff's claim "[was] based upon an indisputably meritless legal theory"). Moreover, "[t]he statute applies equally to prisoner and non-prisoner cases." *Id.; see, e.g., Booker*, 2 F.3d at 115 (applying Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."). The Court finds in accord with these authorities that Section 1915(e)(2)(B) applies to non-prisoners and prisoners alike and, accordingly, has performed an initial review of the allegations.

### B. *Rooker-Feldman Abstention*

The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and

rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 125 S. Ct. 1517, 1521 (2005). "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). Under 28 U.S.C. § 1257, only the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. Accordingly, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 114 S. Ct. 2647, 2655 (1994).

Plaintiff is essentially challenging a state court judgment ordering him to pay child support. Consequently, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to entertain Plaintiff's claim.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-4-

THUS DONE AND SIGNED in Chambers this 19th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE